STATE OF OKLAHOMA⎫ S.S.
CLEVELAND COUNTY ⎰
**FILED** In The
IN THE DISTRICT COURT OF CLEVELAND COUNTY Office of the Court Clerk
STATE OF OKLAHOMA

MAY 19 2014

DOCKET_____PAGE_____RECORDED

Rhonda Hall, Court Clerk
_____ DEPUTY

LYDIA SATTERFIELD )
)
    Plaintiff, )
)
v. )   Case No. CJ-14-597 W
)
MDOW INSURANCE COMPANY and )
AC BRANCH HOLDINGS LLC )
)
    Defendants. )

## PETITION

COMES NOW Plaintiff, Lydia Satterfield, and for their cause of action against the Defendants, MDOW Insurance Company and AC BRANCH HOLDINGS, LLC, state as follows:

## PARTIES

1.    Plaintiff, Lydia Satterfield, is an individual and resident of the City of Moore, Oklahoma in Cleveland County and a citizen of the State of Oklahoma.

2.    Defendant, MDOW Insurance Company (MDOW) is a foreign corporation duly organized and licensed under the laws of the State of Texas and at all times material hereto, doing business in the State of Oklahoma, and may be served with process by serving its registered agent for service, the Oklahoma Insurance Department, Five Corporate Plaza, 3625 N.W. 56th Street, Suite 100, Oklahoma City, Oklahoma, 73112.

3.    Defendant, AC Branch Holdings, LLC (AC Branch) is a domestic limited liability company licensed and doing business in the state of Oklahoma, and may be served with process by serving their registered agent, Louis Smith, 11212 N. May Avenue Suite 403, Oklahoma City, OK. 73120.

1



## JURISDICTION

4.     The property that was insured and is the subject of the instant suit is located in Cleveland County, Oklahoma, and this Court has proper jurisdiction and venue.

## RESPONDEAT SUPERIOR

5.     At all times relevant hereto, Defendant AC BRANCH was acting in the course and scope of their employment with MDOW for which MDOW is liable for his acts and/or omissions.

## AGENCY: ACTUAL/APPARENT AUTHORITY

6.     At all times relevant hereto, Defendant, AC BRANCH, was acting as an agent of MDOW with actual or apparent authority and within the course and scope of their agency relationship.

## AMBIGUITY

7.     The policy in place at the time of the May 19 - 20, 2013 storm events, policy number OKP_H144043-13 issued by MDOW, contained patent and latent ambiguities concerning the terms of the policy governing the insured's duties after loss.

## FACTS

8.     Plaintiff is the owner of a homeowner insurance policy, policy number OKP_H144043-13 issued by the Defendant (hereinafter referred to as the "Policy").

9.     Plaintiff owned the insured property that is specifically located at 113 SW 16th Street, Moore, Oklahoma 73160 (hereinafter referred to as the "Property").

10.     Defendant MDOW or its agent sold the Policy, which insured the property, to Plaintiff.

2

11.     On or about May 19-20, 2013, Plaintiff's property sustained tornado damage. Plaintiff's roof sustained extensive damage during the storm including damage to the shingles, roof jack, drip edge, and other structural parts of the roof. Plaintiff also sustained damage to her carport, back porch, brick, shed, fence, air conditioner and windows. Water intrusion from the roof and caused interior damage to her walls, ceilings, insulation and floors in the living room, hallway, hall closet, dining room, bedroom (1) (2) and master bedroom, master bath, kitchen, breakfast area, laundry room and garage. After the storm, Plaintiff filed a claim with her insurance company, Defendant MDOW, for the damages to her their home caused by the storm.

12.     Plaintiff submitted a claim to Defendant MDOW against the Policy for damage caused to the property as a result of the wind and hail. Plaintiff's asked that MDOW cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

13.     MDOW assigned claim number 13-H103963 to Plaintiff's claim.

14.     MDOW hired and/or assigned AC BRANCH to adjust the claim.

15.     Defendant AC BRANCH performed an inspection on Plaintiff's property. The storm caused significant damage to the roof, including loss of granules to the shingles. The hail pitting damage bruised the shingles, while removing and crushing the granules. Wind damage uplifted and removed shingles, which would not allow the shingles to reseal to prevent water intrusion.

16.     Defendant AC BRANCH's unreasonable investigation of the claim included a failure to comply with its policies and procedures concerning roof inspections and when to replace or repair a roof. The roof required full replacement under Defendant MDOW's

3

policies and procedures including repairs to the roof jack, vent stack, and drip edge. Defendant MDOW conducted an unreasonable and insufficient roof investigation by not documenting all of the damage sustained to the roof. As a result of Defendant AC BRANCH's unreasonable investigation, Plaintiff was wrongly denied the full cost to replace the roof.

17.     Defendant AC BRANCH failed to reasonably investigate the exterior of the Property. The storm caused damage to the back porch, shed, brick and fence. Defendant AC BRANCH failed to document all of the damage caused by the storm, although all of the damage was covered under the Policy. As a result of Defendant AC BRANCH's unreasonable investigation, Plaintiff was wrongly denied the full cost to repair the exterior damage.

18.     Water intrusion from the roof caused damage to the walls, ceilings, flooring, base moulding, window stool, door casing, and insulation in the hallway, room, hall closet, dining room, bedroom (1) (2) and master bedroom, master bath, kitchen, laundry room and garage. The damage to the interior of the Property was extensive and called for repairs including but not limited to the insulation to be replaced, repair to the texture, drywalls to be taped and floated, painting, mildewcide, cleaning, and content removal. Despite the fact that all of the interior damage was covered under the Policy, Defendant AC BRANCH failed to conduct a thorough interior inspection and document all of the interior damage. As a result of Defendant AC BRANCH's unreasonable investigation, Plaintiff was wrongly denied the full cost to repair the interior damage of the Property. Defendant AC BRANCH also denied Plaintiff the cost for construction cleanup, debris removal, a job permit, and temporary utilities, although all of the cost was covered under the Policy.

19.     Defendant AC BRANCH did not allow for the cost of overhead and profit although it was reasonable likely that the repairs would require the services of a general contractor. At the time of the investigation of Plaintiff's claim, not allowing for overhead and profit when repairs reasonably likely required the services of a general contractor was a part of a pattern and practice of Defendant MDOW.

20.     Defendant AC BRANCH performed a poor investigation, failing to identify covered damage to the roof, exterior, and interior of the home, and falsely concluded that the loss did not meet the deductible.  Defendant AC BRANCH conducted an unreasonable investigation, wrote an estimate, and prematurely closed the file.

21.     Defendant AC BRANCH failed to conduct a reasonable investigation and failed to properly adjust the claim, which resulted in Defendant MDOW underpaying Plaintiff's claim and denying at least a portion of the claim, even though the Policy provided coverage for losses such as those suffered by Plaintiff's.

22.     Defendant MDOW failed to properly train and supervise Defendant AC BRANCH. Furthermore, Defendant MDOW underpaid Plaintiff's claim by not providing full coverage for the damages to Plaintiff's home sustained by a covered event under the Policy, as well as under-scoping the damages during its investigation.

23.     To date, Defendant MDOW continues to delay in the payment for the damages to the Property.  As such, Plaintiff's claim(s) still remain unpaid and the Plaintiff's still have not been able to properly repair the Property.

24.     Defendant MDOW failed to perform its contractual duty to adequately compensate Plaintiff's under terms of the policy.  Specifically, Defendant MDOW failed and refused to pay any of the proceeds of the Policy, although due demand was made for

proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff's. Defendant MDOW's conduct constitutes a breach of the insurance contract between Defendant MDOW and Plaintiff.   Such conduct constitutes multiple violations of the Oklahoma Insurance Code.

25.    Defendants MDOW and AC BRANCH misrepresented to Plaintiff the severity of Plaintiff's damage and that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.   Furthermore, Defendant MDOW misrepresented the scope of damages sustained to the exterior of the Property.  The conduct of Defendants MDOW and AC BRANCH constitutes a violation of the Unfair Settlement Practices.  Defendants' conduct constitutes violations of the Oklahoma Unfair Claims Settlement Practice Act. Okla. Stat. Ann. tit. 36, § 1250.5(4).

26.    Defendant MDOW failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy.  Defendant's conduct constitutes violations of the Oklahoma Unfair Claims Settlement Practice Act. Okla. Stat. Ann. tit. 36, § 1250.5(4).

27.    Defendants MDOW and AC BRANCH failed to explain to Plaintiff the reason for the offer of an inadequate settlement.  Defendants failed to offer Plaintiff adequate compensation, without adequate explanation of the basis in the policy why full payment was not being made.  Further, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Furthermore, Plaintiff's requests a copy of the policy, statement of claim payments, and

copies of reports were ignored by Defendants. Defendants' conduct constitutes violations of the Oklahoma Unfair Claims Settlement Practice Act. Okla. Stat. Ann. tit. 36, § 1250.5(2).

28.     Defendant MDOW failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant MDOW. Defendant's conduct constitutes violations of the Oklahoma Unfair Claims Settlement Practice Act. Okla. Stat. Ann. tit. 36, § 1250.6 and 1250.7.

29.     Defendant MDOW refused to fully compensate Plaintiff under the terms of the Policy even though Defendant MDOW failed to conduct a reasonable investigation. Defendant's conduct constitutes violations of the Oklahoma Unfair Claims Settlement Practice Act. Okla. Stat. Ann. tit. 36, § 1250.5(4).

30.     Defendant MDOW failed to meet its obligations under the Oklahoma Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Oklahoma Unfair Claims Settlement Practice Act. Okla. Stat. Ann. tit. 36, § 1250.6 and 1250.7.

31.     Defendant MDOW failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Oklahoma Unfair Claims Settlement Practice Act. Okla. Stat. Ann. tit. 36, § 1250.6 and 1250.7.

## CAUSES OF ACTION

### I. BREACH OF CONTRACT

32.    Plaintiff incorporates paragraphs 1 through 31 herein.

33.    At the time of the May 19-20, 2013, incident, Plaintiff had in place a policy issued by Defendant MDOW. The premiums were current. All conditions precedent to recovery were made. Defendant wrongfully failed to comply with the terms of the contract. Defendant MDOW is therefore in breach of the contract of insurance issued to Plaintiff.

34.    Defendant MDOW's conduct constitutes a breach of contract resulting in damages to the Plaintiff.

### II. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

35.    Plaintiff incorporates paragraphs 1 through 34 herein.

36.    The conduct of Defendants MDOW and AC BRANCH constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

37.    Defendants' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendants knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### III. FRAUD

38.    Plaintiff incorporates paragraphs 1 through 37 herein.

39.    Defendants, MDOW and AC BRANCH made various representations to Plaintiff regarding their windstorm / hailstorm claim, including material representations regarding prior repairs, material representations regarding policy coverages, whether or not claims were covered, and/or the value of claims, which were material and false. At the time MDOW and AC BRANCH made the representations they knew the representations were false or made the

8

representations recklessly as a positive assertion without knowledge of the truth. MDOW and AC BRANCH made these representations with the intent that the Plaintiff acted on them by not further pursuing claims or thinking there was no other money to recover. Plaintiff relied on the representations and this caused injury.

### IV. KNOWLEDGE AND INTENT

40.     Plaintiff incorporates paragraphs 1 through 39 herein.

41.     Each of the acts described above, together and singularly, was done knowingly and with flagrant disregard of Oklahoma law and general fair business practice. Defendants' actions were not only so common as to constitute a general business practice, but were a direct producing cause of Plaintiff's damages described herein.

42.     The conduct of Defendants was in reckless disregard of Plaintiff's rights because Defendants were either aware, or did not care, that there was a substantial and unnecessary risk that its conduct would cause serious injury to Plaintiff. Defendants' conduct was unreasonable under the circumstances because there was a high probability that its conduct would cause serious harm to Plaintiff, and because Defendants' acts were wrongful and done intentionally without just cause or excuse.

### V. WAIVER AND ESTOPPEL

43.     Plaintiff incorporates paragraphs 1 through 42 herein.

44.     Defendant MDOW has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VI. DAMAGES

45.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

46.     For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of the claims, together with attorneys' fees, which in sum is an amount greater than $75,000.00, exclusive of interest and costs.

47.     For breach of the duty of good faith and fair dealing, Plaintiff is entitled to her actual damages which are in excess of $75,000.00, plus exemplary damages as to be determined by the jury.

48.     For constructive fraud and negligent misrepresentation, Plaintiffs sustained financial losses, mental and emotional distress in an amount in excess of $75,000.00, exclusive of attorneys' fees, costs, and interest.

49.     Attorneys' fees, interest, and costs as allowed by Oklahoma law.

WHEREFORE, premises considered, Plaintiff, Lydia Satterfield, pray she recovers damages, attorneys' fees, interest, and costs, which together are in excess of $75,000.00, and for such other and further relief the Court finds equitable and proper.

JURY TRIAL DEMANDED.

ATTORNEYS' LIEN CLAIMED.

Dated this _____ day of May, 2014.

Clint Brasher, OBA #31798
BRASHER LAW FIRM
470 Orleans, Suite 950
Beaumont, TX  77704
409/832-3737
409/832-3838 (Fax)
clint@brasherattorney.com

- and –


Brent D. Berry, OBA #18013
CARR & CARR
1350 S.W. 89th Street
Oklahoma City, OK  73159
405/234-2110
405/234-2128 (Fax)
bberry@carrcarrokc.com

ATTORNEYS FOR PLAINTIFF